Circuit Court of Wood County.

HUBBARD S. WOODBURY v. FRED J. BOLLMEYER & CO. AND J. H. SHERWOOD ET AL.

Decided, May 3, 1912.

*Promissory Notes—Judgment on Cognovit Note Vacated and New Trial Granted—Competency of Testimony of the Widow of One of the Makers—Burden of Proof.*

1. In an action on a promissory note, where one of the makers is denying that he executed the note or that there was consideration therefor, it is not error to permit the widow of the other maker to testify as to certain matters which arose between herself and her husband when no other person competent to be a witness was present.

2. Where judgment taken on a cognovit note is vacated and a new trial awarded with the assent of counsel, and one of the defendants is denying consideration, the case stands as though no judgment had ever been entered, and the burden of proof follows the rule laid down in 81 Ohio State, 121.

*L. H. Morgan* and *Ladd & James,* for plaintiff in error.

*F. H. Wolf* and *N. R. Harrington,* contra.

KINKADE, J.; WILDMAN, J., and RICHARDS, J., concur.

Error to the Court of Common Pleas of Wood County, Ohio.

This is a proceeding in error to reverse a judgment of the court of common pleas entered in favor of the defendant in error, J. H. Sherwood, in an action based upon a promissory note. At the May term, 1908, of the Court of Common Pleas of Wood County, Ohio, plaintiff in error, Hubbard S. Woodbury, took judgment upon a cognovit note against all of the defendants in this action. At the same term, in July, 1908, J. H. Sherwood sought to have this judgment vacated as against him, setting up that he had a valid defense thereto, to-wit: that he had never executed the note, and that the same was without consideration. A hearing was had at that term and a finding made in favor of Sherwood upon that application. The journal entry covering the action of the court at that time appears to have been prepared by Handy & Wolf, counsel for Sherwood, and to have been approved by Lewis W. Morgan, attorney for Hubbard S. Woodbury.

Instead of following the usual practice of suspending the judgment pending hearing of the question as to the validity of the defense presented by Sherwood, the journal entry approved by counsel for both sides as stated, goes much further than is usual and vacates the judgment and grants Sherwood a new trial. After reciting that the court has had presented evidence tending to show that a defense existed in behalf of Sherwood, to-wit, that he never executed the note, that his signature thereto was a forgery, and that he should be given an opportunity to defend, the entry says:

"It is therefore adjudged that said judgment be and the same is hereby opened up and vacated and a new trial is granted to the said J. H. Sherwood."

Then follows a statement preserving liens, etc., pending the trial, usually found in entries of this character. No exception was taken to this action of the court. Following the vacating of the judgment, the case was continued for nine terms.

The amended answer of Sherwood was filed in February, 1911, setting up the fact that he had never executed the note, that

his signature thereto was a forgery and that the note was without consideration. The case coming for trial at the May term, 1911, was submitted to a jury on June 8th, and, a verdict was rendered in favor of the defendant Sherwood. A motion for a new trial was overruled and judgment entered on the verdict.

Two grounds are assigned here why this judgment should be reversed. First, it is said that the court admitted incompetent evidence in this: that it permitted the wife of Bollmeyer, who was the daughter of one of the makers of the note, to testify in the case, and also permitted Sherwood to testify, and it is said in view of the fact that Fred J. Bollmeyer was at the time of the trial dead, and in view of the further fact that Mrs. Bollmeyer was testifying to certain matters which arose between herself and her husband when no other person competent to be a witness was present, that the evidence of both of these witnesses was incompetent. It is not contended that Woodbury is the assignee of the deceased maker, Bollmeyer, but it is said that the relation of the parties is such that he falls within the spirit of the law prohibiting parties thus related from testifying. We are unable to sustain the contention of counsel for plaintiff in error as to either point. We think the testimony of both witnesses was competent.

The other ground upon which it is sought to have the judgment reversed is that the court committed an error in saying to the jury in the charge, that the burden was upon the plaintiff to maintain his cause of action against Sherwood by a preponderance of the evidence. Counsel for plaintiff in error contends that a different rule applies in a case of this kind where a judgment is opened up and a defense thereto let in, than would apply if it were an action upon the note by Woodbury against Sherwood, and insists that in this action the burden is upon Sherwood to maintain by a preponderance of evidence the defense to the judgment which he claims, and counsel intimate in argument that perhaps the defendant should be required to establish a defense other than a mere denial of the plaintiff's claim.

We are unable to agree with this position. It is our opinion that when the judgment is suspended and particularly in this

case where, with the assent of counsel, the judgment is vacated in the journal entry and a new trial granted, that the case stands between the plaintiff and Sherwood precisely as though no judgment had ever been entered and that the plaintiff has the burden of proof to sustain his cause of action by a preponderance under the rule stated in *Ginn, Admr., v. Dolan,* 81 O. S., 121.

We think the court of common pleas stated the rule correctly as to the burden of proof in the charge to the jury, and finding no error in the case prejudicial to the plaintiff in error, the judgment of the court of common pleas will be affirmed.